1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **RODERICK WASHINGTON,** | ) | **1:05-cv-01510 LJO WMW HC** |
| **Petitioner,** | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATIONS RE** |
| **vs.** | ) | **RESPONDENT'S MOTION TO** |
| | ) | **DISMISS PETITION FOR** |
| | ) | **WRIT OF HABEAS CORPUS** |
| **ED S. ALMEDIA, Warden,** | ) | |
| | ) | **[Doc. 10]** |
| **Respondent.** | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In this action, Petitioner challenges a May 2003 disciplinary conviction which resulted in a loss of credits. Pending before the court is Respondent's motion to dismiss.

## LEGAL STANDARDS

### JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody

pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the alleged violations arise out of Corcoran, California,  which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), cert. denied, 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), cert. denied, 520 U.S. 1107, 117 S.Ct. 1114 (1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the grounds that Petitioner failed to exhaust state judicial remedies and that the allegations are too vague and conclusory to state a claim and establish standing. Because the court finds merit in Respondent's first contention, it finds it unnecessary to address the second. Petitioner has not opposed the motion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.

3

1   Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy,

2   455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th

3   Cir. 1988).

4           A petitioner can satisfy the exhaustion requirement by providing the highest state

5   court with a full and fair opportunity to consider each claim before presenting it to the federal

6   court.  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88

7   F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given

8   a full and fair opportunity to hear a claim if the petitioner has presented the highest state court

9   with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887,

10  888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992)

11  (factual basis). Additionally, the petitioner must have specifically told the state court that he

12  was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888;

13  Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to

14  claim that the trial court violated his due process rights "he must say so, not only in federal

15  court but in state court."  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a

16  constitutional guarantee is  insufficient to present the "substance" of such a federal claim to a

17  state court.  See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion

18  requirement not satisfied circumstance that the "due process ramifications" of an argument

19  might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996)

20  ("a claim for relief in habeas corpus must include reference to a specific federal constitutional

21  guarantee, as well as a statement of the facts which entitle the petitioner to relief.").  The

22  burden is on the petitioner to prove that he exhausted his state court remedies before filing his

23  federal habeas petition.  Rose v. Lundy, 455 at 520.

24          In this case, there is no indication in the petition that Petitioner has exhausted his state

25  judicial remedies.  Because Petitioner did not respond to the motion, he did not use that

26  opportunity to explain that he had done so.  The court finds, therefore, that Petitioner has

27

28                                                  4

1   failed to carry his burden of demonstrating that he has exhausted his state judicial remedies

2        Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. §

3   2254(b)(C).  The court can also excuse exhaustion if "(I) there is an absence of available

4   State corrective process; or (ii) circumstances exist that render such a process ineffective to

5   protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).  In this case, Respondent has

6   not waived exhaustion.  In addition, California provides avenues for Petitioner to pursue state

7   claims.   For example, these claims could have been presented in a petition for writ of habeas

8   corpus.  See, Cal. Penal Code §§ 1473 - 1475.  Finally, there are not sufficient circumstances

9   in this case for the court to ignore the United States Supreme Court's admonishment that

10   comity demands exhaustion and find that California's corrective processes are ineffective to

11   protect Petitioner's rights.

12        Based on the foregoing, IT IS HEREBY RECOMMENDED that:

13   1)   Respondent's motion to dismiss be GRANTED;

14   2)   this petition for writ of habeas corpus be DISMISSED for failure to exhaust state

15        judicial remedies;

16   3)   the Clerk of the Court be directed to enter judgment for Respondent and to close this

17        case.

18

19

20        These Findings and Recommendation are submitted to the assigned United States

21   District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

22   72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

23   California.  Within thirty (30) days after being served with a copy, any party may file written

24   objections with the court and serve a copy on all parties.  Such a document should be

25   captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

26   objections shall be served and filed within ten (10) court days (plus three days if served by

27

28                         5

mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


     IT IS SO ORDERED.

**Dated:    June 16, 2008**                  **/s/  William M. Wunderlich**
                                     UNITED STATES MAGISTRATE JUDGE